IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:10-CV-1374-L** |
| | § | |
| **ODIE Y. HAYES,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed September 2, 2010. Defendant Odie Y. Hayes ("Hayes" or "Defendant") did not file a response to the motion. After careful consideration of the motion, brief, record, and applicable authority, the court **denies** Plaintiff's Motion to Remand.

**I.    Background**

This case involves real property located at 5316 Blaney Way, Dallas, Texas 75227 (the "Property"). Hayes executed a Texas Home Equity Security Instrument ("First Lien") granting a lien on the Property on March 16, 2005. Upon Hayes's failure to make payments under the associated note, Deutsche Bank National ("Deutsche" or "Plaintiff") exercised its right under the Deed of Trust, posted the Property for foreclosure, and non-judicially foreclosed on the Property on April 6, 2010.

Deutsche later provided a Notice to Vacate to Hayes on April 15, 2010. Hayes failed to vacate the Property, and Plaintiff filed a forcible detainer action in the Justice of the Peace Court, Precinct 1, Place 1, Dallas County, Texas, against Hayes, a Texas resident, on May 24, 2010. Hayes did not file an answer to the forcible detainer action, and the Honorable Thomas Jones entered a

**Memorandum Opinion and Order - Page 1**

Judgment for Possession in favor of Plaintiff on June 7, 2010. Defendant appealed to the County Court at Law No. 3, Dallas County, Texas. He later filed his Notice of Removal on July 14, 2010, contending that diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Deutsche contends that removal was improper because Hayes is an in-state defendant.

## II.    Discussion

The statute that governs removal of cases in general is 28 U.S.C. § 1441. The relevant provision of the statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Although this statute allows removal based on diversity, it does not apply to those actions in which any defendant is a citizen of the state in which the action is brought. *Id.*; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985). In this case, however, this action may remain in federal court because Deutsche has waived its right to object to removal on this ground. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[T]he presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal." *Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (citations omitted). "[A]" motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is

outside of the district court's power to grant." *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) (citation omitted). Hayes removed this action on July 14, 2010, and Plaintiff filed its motion to remand on September 2, 2010, 50 days after the action was removed from state court. Accordingly, it is undisputed that Plaintiff failed to challenge the removal in a timely manner, and it has, therefore, waived its right to object to the removal on grounds that Hayes is an in-state or local defendant.

## III. Conclusion

For the reasons stated herein, Plaintiff has waived its right to challenge the removal of this action on the basis of procedural defects. Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 30th day of November, 2010.

Sam A. Lindsay
United States District Judge