IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL,**[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1374-L** |
| | § | |
| **ODIE Y. HAYES**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Plaintiff's Second Motion to Remand, filed March 4, 2011. After carefully considering the motion, briefs, response, and applicable law, the court **denies** Plaintiff's Second Motion to Remand on the ground requested, but it, for the reasons herein stated, *sua sponte* **remands** this action to the County Court at Law Number 3, Dallas County, Texas.

## I.    Factual and Procedural Background

This case involves real property located at 5316 Blaney Way, Dallas, Texas 75227 (the "Property").  Defendant Odie Y. Hayes ("Defendant" or "Hayes") executed a Texas Home Equity Security Instrument ("First Lien") granting a lien on the Property on March 16, 2005.  Upon Hayes's failure to make the payments under the associated note, Deutsche Bank National ("Plaintiff" or "Deutsche") exercised its right under the Deed of Trust, posted the Property for foreclosure, and non-judicially foreclosed on the Property on April 6, 2010.

---

[1] The state court records reflect that Plaintiff's correct name is Deutsche Bank National Trust Company in its Capacity as Indentured Trustee for the Noteholders of Aames Mortgage Investment Trust 2005-2.  The clerk of the court is **directed** to **amend** the docket sheet to reflect Plaintiff's correct name.

Deutsche later provided a Notice to Vacate to Hayes on April 15, 2010. Hayes failed to vacate the Property, and Plaintiff filed its Original Petition for Forcible Detainer against Hayes and all other occupants in the Justice of the Peace Court, Precinct 1, Place 1, Dallas County, Texas, on May 24, 2010. Hayes did not file an answer to the forcible detainer action, and the Honorable Thomas Jones entered a Judgment for Possession in favor of Plaintiff on June 7, 2010. Defendant, appealed to the County Court at Law, Number 3, Dallas County, Texas. Defendant later filed her Notice of Removal on July 14, 2010, contending that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Deutsche contends that removal was improper because federal courts do not have subject matter jurisdiction over forcible detainer actions. Defendant responds that this court has jurisdiction over the action because the suit arises under the laws of the United States. Despite Defendant's statement, she removed this action to federal court, asserting that complete diversity existed and that the amount in controversy exceeded $75,000. The court attributes this inconsistency due to Defendant's lack of legal training.

## II.    Subject Matter Jurisdiction Standard

### A.    General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction

conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

### B.    Diversity and Amount in Controversy

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v.*

*Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980) (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the

plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III. Analysis

#### A. Federal Question

Plaintiff contends that this court does not have subject matter jurisdiction over Texas forcible detainer actions. Plaintiff argues that when a forcible detainer action is initiated, subject matter jurisdiction is reserved exclusively to the Texas justice courts. Tex. Prop. Code §24.004. Plaintiff further contends that once a judgment is issued in the justice court, and a defendant perfects an appeal of the judgment, the county or district courts continue to hold subject matter jurisdiction. Defendant responds that removal was proper and that this case should be heard in federal court.

After carefully considering the parties' arguments, the court determines that remand for lack of federal question jurisdiction is without merit. At best, Plaintiff's argument infers that this court lacks subject matter jurisdiction because the action does not arise under the Constitution, laws, or treaties of the United States. Plaintiff's argument is fundamentally flawed and moot because it fails to address Defendant's basis of removal. Defendant's removal was based on diversity jurisdiction as opposed to federal question jurisdiction. Despite Plaintiff's failure to address diversity jurisdiction, the court's inquiry does not end here.

#### B. Diversity of Citizenship

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case and may raise subject matter jurisdiction *sua sponte*. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). With this in mind, the court will examine Defendant's assertion of subject matter jurisdiction, which is based on diversity of citizenship and the amount in controversy. In Defendant's Notice of Removal, she contends that there is complete diversity between the parties. Defendant asserts that she is a citizen

of Texas, and that Plaintiff is a national bank with its main offices located in New York, and thus is a citizen of New York.[2] As Plaintiff does not share the same citizenship with Defendant, complete diversity exists between the parties.

## C. Amount in Controversy

Defendant fails to establish that the amount in controversy exceeds $75,000. Defendant contends that the action exceeds $75,000 exclusive of interest and costs because according to Dallas Central Appraisal District Records, the fair market value of the property is $98,820. Under Texas Law, "the only issue in a forcible detainer suit is who has the right to immediate possession of the property." *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.) (citation omitted). Furthermore, "it is unnecessary for the plaintiff to prove title to the property; plaintiff is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Id.* (citation omitted). The amount in controversy in a forcible detainer action, however, is not the value of the Property itself but rather the value of the right to occupy or possess the property. *See Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982) (citing *Battle v. Atkinson*, 115 F. 384, 389 (W.D. Ark. 1902), *aff'd,* 191 U.S. 559 (1903)). Moreover, the removing defendant "must produce evidence that establishes that the actual amount of the plaintiff's claim will exceed [$75,000]." *De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995), *cert. denied, De Aquilar v. Boeing Co.*, 516 U.S. 865 (1995). As

---

[2]In Plaintiff's Original Petition, Plaintiff pleaded that it is a corporation with its principal place of business in Dallas, Texas. Furthermore, in Plaintiff's Original Petition, Plaintiff lists itself as "Deutsche Bank National Trust Company in its Capacity as Indenture Trustee for the Noteholders of Aames Mortgage Investment Trust 2005-2." Plaintiff's name as listed in the Original Petition leads the court to believe that Plaintiff may be a trustee for the Noteholders of Aames Mortgage Investment Trust 2005-2. Neither Plaintiff nor Defendant provides sufficient evidence in either the Original Petition or the Notice of Removal for the court to determine definitively whether Plaintiff is a corporation, a national bank, or a trustee. In any event, the court accepts Defendant's allegations in her Notice of Removal as true because this issue is rendered moot by Defendant's failure to satisfy the amount in controversy requirement.

Hayes is a tenant in sufferance under Chapter 24 of the Texas Property Code, the only issue is who should have possession of the property in question. Therefore, the question is what is the value of the right to immediate possession of the Property.

In this action, the court determines that Defendant has produced no evidence to establish the value of the right to possess or occupy the Property, or that it exceeds $75,000. Accordingly, the court determines that Hayes has failed to satisfy her burden and show that federal jurisdiction exists under 28 U.S.C. § 1332(a)(1).

### D.     Request for Attorney's Fees

Plaintiff also seeks reasonable attorney's fees related to its Motion to Remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). The decision whether to award costs is within the court's discretion. *Id.* at 292.

Based on the court's review of the facts and circumstances, an award of attorney's fees to Plaintiff is not warranted. Hayes is proceeding *pro se* and filed a pauper's affidavit in state court. Hayes does not have the means to pay attorney's fees and costs incurred by Deutsche as a result of removal. Moreover, the removal is based on the court's *sua sponte* action, not on Plaintiff's motion. While this case should have not been removed, the court in exercising its discretion determines that the interests of justice are not served by awarding attorney's fees to Plaintiff under these circumstances. Accordingly, the court will not permit an award of attorney's fees.

**IV.     Conclusion**

For the reasons stated herein, this court lacks subject matter jurisdiction over this action. Accordingly, the court **denies** Plaintiff's Second Motion to Remand on the grounds requested, but it *sua sponte* **remands** this action to the County Court of Law, Number 3, Dallas County, Texas. Also, for reasons previously stated, the court **denies** Plaintiff's request for attorney's fees. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 17th day of June, 2011.

Sam A. Lindsay
United States District Judge